UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23 CR 714 RWS/NCC |
| ) | |
| ALAN BILL, ) | |
| a/k/a Vend0r ) | |
| a/k/a KingdomOfficial ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S SUPPLEMENTAL BRIEF WITH RESPECT TO ISSUES RAISED AT DETENTION HEARING

COMES NOW the United States of America, by and through its attorneys Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said District, and files this supplemental brief at the request of the Court.

The defendant, Alan Bill, is a Slovakian national who was arrested when he entered the United States on his own accord. He is charged by Indictment with ten felony counts, including: one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1); four counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Counts 2, 3, 4, 5); one count of conspiracy to commit identity theft in violation of 18 U.S.C. § 1028(f) (Count 6); one count of identity theft in violation of 18 U.S.C. § 1028(a)(7) and (1); one count of aggravated identity theft in violation of 18 U.S.C. § 1028A; one count of misuse of passport in violation of 18 U.S.C. § 1544; and one count of money laundering conspiracy in

1

violation of 18 U.S.C. § 1956(h).  Based on these charges, there is a rebuttable presumption that the defendant should be detained pending trial.  *See* 18 U.S.C. § 3142(e)(3)(A).

On January 26, 2024, this Court held a detention hearing.  Doc. 39.  At the hearing, the Government argued that the defendant cannot rebut the presumption that he is both a danger to the community and a flight risk.  At present, the defendant has no legal status in the United States.  He was permitted to travel to the United States through the Visa Waiver Program,[1] but he is no longer eligible for this program.  In addition, the Department of Homeland Security has lodged an Immigration Detainer against the defendant.  *See* **Attachment A**.

At the hearing, the defendant raised two issues related to extradition and his immigration status.

I. **Extradition of Slovak Nationals to the United States**

At the hearing, the Government proffered that the Slovak Republic does not extradite its nationals to the United States.  In response, the defendant stated that he believes the Slovak Republic does in fact extradite its nationals to the United States.  The Court asked for post-hearing briefing on the matter.

Pursuant to Section 501 (Inadmissibility of extradition) of the Slovak Republic Criminal Procedure Code, extradition "shall be inadmissible if…it concerns a Slovak national, unless the obligation to extradite own nationals is contained in an international treaty or a decision of an international organisation which is binding for the Slovak Republic…" Slovak Republic, *Criminal*

---

[1] The Department of Homeland Security and the State Department administer the Visa Waiver Program, which allows citizens of certain countries, including the Slovak Republic, to travel to the United States for business or tourism for stays of up to 90 days without a visa.  Electronic System for Travel Authorization (ESTA) is the automated system that determines eligibility of travels to utilize the Visa Waiver Program.

*Procedure Code No. 301/2005 Coll. - Part Five: Legal Relations with Abroad* (2005), available from https://cjad.nottingham.ac.uk/en/legislation/459/, accessed on 29/01/2024 (**Attachment B**). As such, the Slovak Republic will not extradite its nationals unless required to do so by international treaty.

The undersigned is not aware of any international treaty or binding agreement that requires the Slovak Republic to extradite its own nationals to the United States. The Slovak Republic and the United States have a bilateral extradition treaty, which was amended in 2006 to integrate a 2003 extradition agreement between the United States and the European Union.[2] Contrary to the defendant's claim, Article IX of the Treaty confirms that neither country is required to extradite its own nationals to the other. *See* **Attachment C**. Specifically, the Treaty expressly states that "neither of the Contracting Parties shall be bound to deliver up its own citizens." *Id.* at Article IX. As such, the Slovak Republic is not required to extradite its nationals to the United States under the bilateral extradition treaty.

II.     <u>U Visa</u>

At the hearing, the defendant proffered to the Court that he has recently applied for U nonimmigrant status (U visa). The defendant has not provided the United States with his U visa

---

[2] Treaty Between the United States and Czechoslovakia for the Extradition of Fugitives from Justice, U.S.-Czech, July 2, 1925, 44 Stat. 2367 (the "1925 Treaty"), *as amended by* the Supplementary Extradition Treaty between the United States of America and the Czechoslovak Republic, U.S.-Czech, Apr. 29, 1935, 49 Stat. 3253 (the "1935 Supplementary Treaty"), *and as further amended by* the Instrument on Extradition between the United States of America and the Slovak Republic, as contemplated by Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed 25 June 2003 (the "Instrument"), signed 6 February 2006. The Annex to the Instrument reflects the integrated text of the 1925 Extradition Treaty, the 1935 Supplementary Treaty, and the U.S.-EU Extradition Agreement. (Collectively referenced hereafter as the "Treaty").

application.  The United States has queried multiple databases and has not been able to find any applications or petitions filed by the defendant.

The U visa was created by Congress in October 2000 as part of the Victims of Trafficking and Violence Protection Act of 2000 (TVPA).  See Pub. L. No. 106-386.  The TVPA sets aside 10,000 visas every year to be available to victims of certain crimes who have suffered mental or physical abuse and are helpful to law enforcement or government officials in the investigation or prosecution of criminal activity.  The U visa petition must be accompanied by a certification from law enforcement that the petitioner is a victim of certain qualifying activity and was, is or is likely to be helpful in the investigation or prosecution of that activity.  According to the United States Citizenship and Immigration Services, the processing time for U visa applications is 64.5 months.  U.S. Citizenship and Immigration Services, Check Case Processing Times, available from https://egov.uscis.gov/processing-times/, accessed on 29/01/2024.

## CONCLUSION

The defendant has not rebutted the presumption that he is both a flight risk and a danger to the community.  As such, the Government requests that the defendant be detained pending trial.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646DC
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

4

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 31, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Kevin L. Schriener
LAW AND SCHRIENER LLC
231 S. Bemiston Avenue
Suite 800
Clayton, MO 63105
314-721-7095
Fax: 314-854-1394
Email: kschriener@schrienerlaw.com

               */s/ Kyle T. Bateman*
               KYLE T. BATEMAN, #996646DC
               Assistant United States Attorney