UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23 CR 714 RWS/NCC |
| ALAN BILL, | ) |
| Defendant. | ) |

RECEIVED FEB 28 2024 BY MAIL

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR FINDINGS OF FACT AND COMPLEX CASE DESIGNATION

COMES NOW, Defendant Alan Bill, moves this honorable Court to deny Government's motion for continuance and for complex case determination. Defendant, in support of its motion, states as follows:

### INTRODUCTION

The Plaintiff has moved for continuance and complex case determination on February 12, 2024. In the motion, the Plaintiff states, that it is unknow to the Plaintiff whether Defendant objects to the motion to the continuance and complex case determination. The Defendant has on multiple occasions both orally and in writing expressed his opposition to any continuance in this case. Defendant's former attorney has acted against instructions of the Defendant and his best interest when he advised Plaintiff, that Defendant would indeed agree to the motion. Defendant' Counsel's ineffective assistance amounted to violation of Defendant's due process rights under Fifth and Fourteenth Amendment of the U.S. Constitution.

1

During Defendant's prolonged detention, the Plaintiff has failed to present evidence proving Defendant's guilt and instead, Plaintiff has exposed Defendant to undue pressure and duress in order for the Defendant to plea guilty, in violation of Defendant's due process rights.

Furthermore, it would be both inefficient and contrary to the public interest to grant complex designation at this time, because that would grant Plaintiff blanket excuse for failure to meet discovery deadlines as set by the Honorable Judge, it would promote further delays by the Plaintiff, it would further worsen violations of due process rights of the Defendant and it would add extra expense to tax payer due to extended detention of the Plaintiff.

## DISCUSSION

### I. Defendant strongly opposes to continuance and complex case determination.

The Defendant has previously both orally and in writing expressed to his former Counsel objection to any further delays in underlying case. (See **Exhibit A – Defendant's affidavit**). Not only has his former attorney failed to communicate that to the Plaintiff, his former attorney has indeed communicated to the Plaintiff Defendant's approval to the motion, contrary to the instructions received from Defendant (See attached **Exhibit B – Draft of Motion** submitted by former Counsel to the Defendant). After the Defendant refused to agree to that motion, his former Counsel has pressured him to immediately sign that motion in order for the Counsel not to terminate his legal representation. Defendant's former Counsel has indeed withdrawn from the case (See **Exhibit C – Motion to Withdraw**).

### II. Plaintiff has failed to meet any and all deadlines set in underlying case. Plaintiff shall be penalized for failure to meet deadlines.

disclosure of evidence or information by not later than January 23, 2024. No such evidence was disclosed by the Plaintiff on that date. Defendant therefore moves for sanctions against Plaintiff for failure to present evidence in underlying case in timely manner.

Plaintiff is using a tactic of "hordering" evidence totally unrelated to Plaintiff's case and supplying tens of thousands of documents totally unrelated to Plaintiff to create the impression of complexity of underlying case in order to get this case continued.

Instead of meting a deadline of January 23, 2024, the Plaintiff waited until about February 5, 2024. Plaintiff has filed over 70,000 pages of documents. Based on review of those documents by the Defendant, at least 48,000 of those documents are medical records of an individual unknown to the Defendant, Mr. Olsovsky (**See Exhibit D**) as well as consumer reports on ironing machines and desks (**See Exhibit E**), not to mention grocery stores coupons (**See Exhibit F**) and again emails of Mr. Olsovky, who defendant never met and has no knowledge about his whereabouts (**See Exhibit G**). Plaintiff has failed to provide any evidence related to Defendant and instead Plaintiff files tens of thousands of documents unrelated to Defendant's case.

### III. Continuance would violate Defendant's Sixth Amendment right to a speedy trial

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . trial." U.S. Const. amend. VI. To enforce this mandate, the Speedy Trial Act, 18 U.S.C. § 3161 et seq., provides that a criminal case shall be brought to trial within 70 days, subject to limited exclusions.

Yet here, despite the Defendant's repeated requests for a speedy trial, this case is delayed due to primarily the Government's delay in producing discovery and the district court's failure to

3

effectively respond. Through this time, the district court neither held the Government accountable nor appropriately considered whether "the ends of justice served by granting [the resulting] continuance[s] outweigh[ed] the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act requires that a federal criminal trial "shall commence within seventy days" after a defendant who has pled not guilty is charged, the charging document is unsealed, or the defendant makes an initial appearance. 18 U.S.C. § 3161(c)(1). As the Supreme Court has stated, this provision is "unequivocal." Zedner, 547 U.S. at 507, 126 S.Ct. 1976. "When a trial is not commenced within the prescribed period of time, 'the information or indictment shall be dismissed on motion of the defendant.'" Id. at 508, 126 S.Ct. 1976 (quoting 18 U.S.C. § 3162(a)(2)). Moreover, "the public has as great an interest in a prompt criminal trial as has the defendant," thus the Speedy Trial Act requires dismissal even where the parties have consented to adjournments other than those expressly allowed in the Act. United States v. Gambino, 59 F.3d 353, 360 (2d Cir. 1995); see also Zedner, 547 U.S. at 502–03, 126 S.Ct. 1976.

In this regard, the Act provides a detailed scheme through which periods of delay attributable to specified reasons are excluded from the 70-day calculation. See 18 U.S.C. § 3161(h). Some enumerated sources of delay are automatically excluded: for instance, "delay resulting from any pretrial motion," id. § 3161(h)(1)(D), or "delay resulting from the absence or unavailability of the defendant or an essential witness," id. § 3161(h)(3)(A).

In addition, however, to provide some "flexibility," Zedner, 547 U.S. at 498, 126 S.Ct. 1976, the Act also provides, in 18 U.S.C. § 3161(h)(7), that the district court may exclude any delay resulting from a continuance granted sua sponte or on a motion of the parties, provided that "the judge granted such continuance on the basis of his findings that the ends of justice served by taking

4

such action outweigh the best interest of the public and the defendant in a speedy trial." Id. §

3161(h)(7)(A). "This provision gives the district court discretion-within limits and subject to specific procedures-to accommodate limited delays for case-specific needs." Zedner, 547 U.S. at 499, 126 S.Ct. 1976. Specifically, "[t]he Act requires that when a district court grants an ends-of-justice continuance, it must set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice are served and they outweigh other interests." Id. at 506, 126 S.Ct. 1976. In the underlying case, the Defendant has been detained for over eight weeks and the Plaintiff has failed so far to file any evidence proving Defendant's guilt. The Plaintiff has instead flooded Defendant with tens of thousands of documents totally unrelated to Defendant's case. Plaintiff has failed to meet deadlines set by the Honorable Judge in this case and Plaintiff further states, that more time is needed as more "evidence" might be available at some point in the future. It is not ascertain though what evidence and when shall be acquired by the Plaintiff. In the meantime, Plaintiff has exposed Defendant to prolonged mental and physical suffering in order to obtain admission of guilt that Plaintiff is unable to obtain via evidence. Granting of continuance in this case would not only be against the best interest of the justice but it would be further

Among the non-exhaustive list of factors "which a judge shall consider" in determining whether the ends of justice are served by a continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

A district court excluding time on the basis of complexity must "set forth the reasons why the case continue[s] to be complex for purposes of the exclusion." Gambino, 59 F.3d at 358. Cases are "complex" where they, for example, involve numerous defendants, novel legal issues, myriad claims, or many necessary witnesses. See, e.g., United States v. Shellef, 718 F.3d 94, 107 (2d Cir.

5

an 86-count indictment "required the government to deconstruct [its already] complex case and reassemble it into three distinct trial presentations"); Gambino, 59 F.3d at 356, 358 (discussing "complexity" of RICO prosecution "involving hundreds of hours of video and audio tape recordings tracking the structure and criminal activities of" "one of the most notorious organized crime families in the United States"); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197–98 (2d Cir. 1989) (affirming exclusion of time on the basis of complexity where "extensive scientific evidence and thousands of documents" were used to prosecute "eight defendants [on] 470 counts, requiring proof of more than 2,500 separate offenses at [the three-month] trial," which commenced one year after arraignments)..

Defendant's case is distinguishable from *Shellef* as it contains 10 counts of one Defendant. It is also distinguishable from *Gambino* as it does not present any complex evidence. Once again Plaintiff has so far within discovery filed documents <u>totally unrelated</u> to the Defendant and the Plaintiff has probably until now not even found that out. Defendant's case is also distinguishable from *Beech-Nut Nutrition Corp* as Defendant's case contains ten counts of three offenses, none of which presents any novel legal issue. The Plaintiff is once again trying to cure failure to timely present evidence by claiming that Defendant's case presents novel legal issues while opposite is true.

In Zedner v. United States, the Supreme Court stated that "there can be no exclusion" based on the complexity of a case "without on-the-record findings" supporting such a designation under 18 U.S.C. § 3161(h)(7). 547 U.S. at 507, 126 S.Ct. 1976. <u>The Court rejected the practice of justifying an exclusion with only a "passing reference to the case's complexity.</u>" In present case, the Counsel for the Government tries to flesh out the record and demonstrate the complexity of the case due to the ongoing discovery issues, by pointing to the difficulties attendant on their partner agencies'

6

does not satisfy the district court's Speedy Trial Act obligation to state its justifications for the interests-of-justice determination on the record. Zedner, 547 U.S. at 507, 126 S.Ct. 1976; United States v. Bert, 814 F.3d 70, 80 (2d Cir. 2016) ("The [Speedy Trial] Act controls the conduct of the parties and the court itself during criminal pretrial proceedings. Not only must the court police the behavior of the prosecutor and the defense counsel, it must also police itself."). We decline to infer the district court's reasoning from the Government's statements.

### IV. Any further continuance would further worsen violation of Defendant's due process rights.

Undersigned Defendant has been in federal custody since December 14, 2023. While in custody. Defendant was subject to extreme forms of humiliation, pressure, undue influence and duress by FBI agents in order to admit to crimes, that he has not committed. (See **Exhibit H – Defendant's affidavit**). Besides of being threatened by FBI agents to be sentenced to 270 years in order to plea guilty, Defendant's due process rights were also violated by his former Counsel, Kevin Schriener, whose legal representation failed basic standards of effective assistance of Counsel. Not only has Mr. Schriener failed to file exculpatory evidence in Defendant's case, he acted against best interest if his client. Defendant is therefore in process of filing bar complaint with the State Bar of Missouri. Needless to say, any prolonged detention is a serious violation of Defendant' right not to be incarcerated.

Defendant's due process rights were further violated by his current attorney who charged Defendant $ 50,000,- to appear at hearing scheduled to argue underlying motion. At the same time, his current attorney has withdrawn Defendant's motion filed pro se. She has asked defendant to pay

file response to the motion to complex case designation.

## STATEMENT OF THE CASE

Plaintiff states, that this case involves a complex, unusual, and long-term investigation involving an online darknet marketplace. Specifically, the ten count Indictment alleges: one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1); four counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Counts 2, 3, 4, 5); one count of conspiracy to commit identity theft in violation of 18 U.S.C. § 1028(f) (Count 6); one count of identity theft in violation of 18 U.S.C. § 1028(a)(7) and (1); one count of aggravated identity theft in violation of 18 U.S.C. § 1028A; one count of misuse of passport in violation of 18 U.S.C. § 1544; and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h).

In the underlying indictment, Plaintiff states that Defendant was investigated by the DEA and FBI for several years prior to his arrest. The record of proceedings and evidence filed by the Plaintiff prove a different story. Despite of the fact, that Defendant is detained by the government since December 14, 2023 and that Plaintiff was well aware of Defendant's arrival to United States weeks ahead of his arrival, Plaintiff has failed to file any evidence proving Defendant's guilt with the exception of self-serving affidavit of FBI agent Ogurek. Instead, Plaintiff has filed personal emails, coupon books and medical records of Defendant's neighbors.

The fact, that the Plaintiff was totally unprepared for this case is further proven by the fact, that Plaintiff is currently finalizing its second discovery production, which is expected to be approximately 30 GB of data and according to Plaintiff, it shall be made over the course of the next few weeks. The Plaintiff is therefore totally unaware of the time when Plaintiff shall obtain evidence, if any. So far, the Plaintiff has failed to provide any relevant evidence. The Plaintiff is

trying to cure this deficiency by extending Defendant's prolonged detention and further violating his fundamental human rights.

It is interesting to note, that the detention facility, where Defendant is detained does not have proper technical equipment for the Defendant to review evidence filed by the Plaintiff. This further worsens his due process rights violations.

## CONCLUSION

The Speedy Trial Act was designed to enforce the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . trial." U.S. CONST. amend. VI. "The prosecutor, defense counsel, and the court each plays a role in insuring that the interests of the public and the defendant in a speedy trial are protected." United States v. Stayton, 791 F.2d 17, 20 (2d Cir. 1986). Under this structure, the district court "[n]ot only must . police the behavior of the prosecutor and the defense counsel, it must also police itself." Id.

The Government failed to meet any and all deadlines as set by the Honorable Judge in underlying case. The Government has failed to file any evidence proving Defendant's guilt and instead the Government has untimely filed documents totally unrelated to Defendant's case.

In summary, the Government is trying to cure its defective performance by further violating defendant's due process rights.

WHEREFORE, the Defendant Alan Bill respectfully requests that this Court denies Governments motion continuance and for complex case determination.

Respectfully submitted,

Alan Bill
Defendant

*/s/ Alan Bill*

9

## CERTIFICATE OF SERVICE

      I hereby certify that on February 25, 2024, the foregoing was filed via USPS mail upon the following:

Kyle T. BATEMAN
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

                                                                         /s/ *Alan Bill*
                                                                          Defendant