UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23 CR 714 RWS/NCC |
| ) | |
| ALAN BILL, ) | |
| a/k/a Vend0r ) | |
| a/k/a KingdomOfficial ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS

COMES NOW, the United States of America, by and through its attorneys Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said District, and responses in opposition to the defendant's Motion for Bill of Particulars (Doc. 74).

The defendant seeks that the Court direct the Government to submit a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. Rule 7(f) states:

> (f) BILL OF PARTICULARS. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"An indictment is legally sufficient on its face if it contains all essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a

1

subsequent prosecution." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993) (internal citations omitted). A defendant may move for a bill of particulars pursuant to Fed. R. Crim. P. 7(f) if he "believes that an indictment does not provide enough information to prepare a defense." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009).

However, a bill of particulars "is not a discovery tool or a device allowing the defense to preview the government's theories or evidence." *United States v. Hester,* 917 F.2d 1083, 1084 (8th Cir. 1990). Nor does a bill of particulars provide an avenue for a defendant to receive "a detailed disclosure of the evidence that [the Government] will present at trial." *Livingston*, 576 F.3d at 883. Even where such evidence is not specifically alleged in the Indictment, a bill of particulars is not necessary when such information has been produced in discovery. *See U.S. v. Rettinger*, 2006 WL 3193701, at *6 (D.N.D. Nov. 1, 2006) (holding bill of particulars "would serve no legitimate purpose" where defendant could glean existence of relevant information from discovery materials).

The Indictment in this case is 16 pages long and contains a description of Kingdom Market; explains how Kingdom Market operated, including the goods and services for sale and the usernames of the defendant and several co-conspirators; describes specific unlawful transactions of controlled substances, identity information and a United States passport; and describes how Kingdom Market and the defendant utilized cryptocurrency to launder the proceeds of its criminal transactions. The indictment contains all essential elements of the offenses charged and fairly informs the defendant of the charges against which he must defend.

On two separate occasions following the defendant's initial appearance in the Eastern District of Missouri, once with the defendant present, the Government conducted a reverse proffer

2

to present the defense with its case. On each occasion, the Government offered to answer any questions of the defense. To date, the Government has made two productions of discovery to the defendant. These productions consist of 392,932 pages of evidence.[1] The Government is presently waiting for the defendant to provide a hard drive to the Government so that the Government can make its third production to the defendant. The Government anticipates that the third production will include bates stamped documents numbered to page 1,049,501.

Notwithstanding, the defendant seeks that the Government submit a bill of particulars that contains detailed information about, *inter alia*, the following: specific dates of any and all statements and events that comprise the alleged conspiracies; the names of all co-conspirators and the specific date, place, and time that they joined the conspiracies; the specifics of the Government's theory as to the defendant's mens rea in joining the conspiracies; specific cryptocurrency transactions and how the Government traced them; specific Reddit messages regarding the purchase of graphic design services; and a description of how "the Government verified that defendant's IP addresses, Google account or crypto wallets were not abused by another individual who pretended to be Defendant in order to avoid criminal prosecution and conviction." Doc. 74, at 3.

The defendant is plainly using this motion for a bill of particulars as a discovery tool and to improperly ascertain the Government's theories of its case. The defendant even seeks that the bill of particulars include a statement as to how the Government will refute the defendant's

---

[1] On the afternoon of April 4, 2024, defense counsel notified the Government that it had accessed Production 2, which consists of approximately 9,000 pages of materials. Approximately 12 hours later, the instant motion was filed.

3

apparent alternate perpetrator defense. Such request is patently ridiculous and runs far afoul of the purpose of Rule 7(f).[2] Similarly, the defendant wrongly suggests that the Government is required to allege overt acts as to the charged conspiracies. *See United States v. Shabani*, 513 U.S. 10, 17 (1994); *Whitfield v. United States*, 543 U.S. 209, 211 (2005).

## CONCLUSION

Based on the foregoing, the Government respectfully requests that the Court deny the defendant's request for the Court to order the Government to submit a bill of particulars.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646DC
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

---

[2] The Government notes with growing concern that several of defense counsel's recent filings are rife with misstatements of facts and law. The Government further notes that defense counsel has not satisfied the requirements of Local Rule 12.01(F) related to Pro Hac Vice admission.

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 9, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following all counsel of record.

                                        */s/ Kyle T. Bateman*
                                        KYLE T. BATEMAN, #996646DC
                                        Assistant United States Attorney