THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23 CR 714 RWS/NCC |
| | ) | |
| ALAN BILL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT ALAN BILL'S
MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE**

The Indictment alleges that numerous unidentified "vendors" engaged in illicit drug transactions and sold stolen information on the Kingdom Market, an alleged "dark web marketplace" (the "Market"). Indictment (Doc. #12) ¶¶ 2, 11–12. It alleges that those vendors sent illicit drugs and stolen information to undercover law enforcement officers who purchased those items on the Market. *See id.* ¶¶ 16(a–d), 24(a–g). It also alleges that "Kingdom" (i.e., the Market) took a commission for processing the cryptocurrency transactions and provided instructions to vendors and users for anonymizing their transactions. *See id.* ¶ 22. Obviously, those allegations, if true, would state an offense against each of those unidentified vendors and users. But what does any of that have to do with the defendant, Alan Bill?

The indictment doesn't say. Each count of the indictment identifies a purchase date, a mailing date, the item purchased, and (anonymously) the vendor, but none of the vendors is identified as being Mr. Bill. The only allegations that directly implicate Mr. Bill are that he "began creating" the Market in or around June 2020, *id.* ¶ 2, and that he thereafter served as a moderator for two online forums (the "Forums") where, according to the Indictment, users posted

1

"information on how to access and use [the Market] and how to avoid law enforcement." *Id.* ¶ 4–5. Mr. Bill denies those allegations. But even if those allegations were true, they do not constitute a crime.

As far as the Indictment tells, all Mr. Bill is alleged to have done is to set up a website and moderate two forums in which *other* users engaged in and discussed illegal transactions. If that were a crime, then every internet service provider, social media site, and online forum moderator would be subject to federal criminal prosecution. But it is not a crime to post anonymously on the Internet, to engage in or facilitate transactions in cryptocurrency, or to establish a website where others may engage in or discuss criminal activity. Those activities are lawful and, at least in the case of the Forums, are protected by the First Amendment. And yet the Indictment here attempts to impose vicarious criminal liability on Mr. Bill for the unlawful activities of others who he is not even have alleged to know, let alone interacted with.

If the allegations against Mr. Bill were true, that might make him a potential witness in a prosecution of the vendors identified in the Indictment. But the allegations, as pled, do not make Mr. Bill a criminal. This Court should therefore dismiss the Indictment against him and order his immediate release from custody.

## DISCUSSION

### I. The Creators of an Online Marketplace Are Not Vicariously Liable for the Criminal Acts of Users

The Indictment appears to be premised on the theory that, by allegedly helping to "beg[i]n creating" the Market, Indictment (Doc. #12) ¶ 2, Mr. Bill thereby "aid[ed] and abet[ted]" every subsequent sale of controlled substances and stolen information by users of that website. This Court has previously rejected just such a theory. *See, e.g.*, *M.A. ex rel. P.K. v. Village Voice Media Holdings, LLC,* 809 F. Supp. 2d 1041, 1054 (E.D. Mo. 2011) (finding that the operator of an online

2

market was not liable for injuries suffered to the plaintiff based on the criminal activity of one of the website's users, specifically because the operator's actions were not sufficient to constitute "aiding and abetting" under 18 U.S.C. § 2). Instead, as the Eighth Circuit has long held, criminal liability for aiding and abetting requires proof that a defendant **both** joined knowingly in an illegal venture **and** "sought by his actions to make [the crime] succeed." *United States v. Taylor,* 813 F.3d 1139, 1147–48 (8th Cir. 2016) (emphasis added) (citing *United States v. Ellefson,* 419 F.3d 859, 863 (8th Cir. 2005)). In doing so, a defendant must act "willfully **and** knowingly." *Rosemond v. United States,* 572 U.S. 65, 82 (2014) (emphasis added) (holding that the district court erred in failing to instruct the jury that, in order to be convicted of aiding and abetting, the defendant must have advance knowledge of the underlying elements of the offense).

Aiding and abetting is not itself a standalone crime; it is a theory of liability for an underlying substantive offense. *United States v. Deych,* 250 F. Supp. 3d 362, 366 (E.D. Mo. 2017). "Thus, to allege a violation on an aiding and abetting theory, and indictment must sufficiently allege the substantive violation aided and abetted." *Id.* The Indictment does not even attempt to allege that Mr. Bill was involved in any illegal activity that allegedly occurred on the Market. Thus, not only does the Indictment fail to plead sufficient facts to establish all the elements of an aiding and abetting charge under 18 U.S.C. § 2, *see Taylor,* 813 F.3d at 1147–48, it does not contain any allegation that Mr. Bill was involved in any respect in the underlying crimes that he allegedly aided and abetted. *See Deych,* 250 F. Supp. 3d at 366 (E.D. Mo. 2017) (requiring that the government "sufficiently allege the substantive violation" for which the defendant is accused of aiding and abetting).

The Indictment likewise fails to adequately plead that Mr. Bill engaged in a conspiracy, whether to sell drugs, traffic in stolen information, or launder money. To be liable for conspiracy,

3

the Government must prove the defendant not only *agreed* to engage in illegal activity, but also that the defendant *knew* of the conspiracy and *intentionally* joined it. *United States v. Conway*, 754 F.3d 580, 587 (8th Cir. 2014). Neither of those elements is satisfied by Mr. Bill's allegedly having "beg[u]n creating" the Market in June 2020. Not only does the Indictment fail to plead facts that establish any agreement between Mr. Bill and any of the alleged "vendors," the Indictment does not allege that Mr. Bill even *knew* of any specific illegal transaction taking place on the Market. Without knowledge of any illegal activity, it is impossible to infer that Mr. Bill intentionally agreed to join any criminal conspiracy.

Merely creating an online marketplace that others later choose to use for illicit purposes is not a crime. Yet the Government's theory proposes the possibility of criminal liability for the creator of any website on which illegal activity later takes place. If a user sells counterfeit goods on eBay, is the founder of eBay criminally liable for fraud? If a user threatens a witness on Facebook, is Mark Zuckerberg criminally liable for obstruction of justice? If a user posts an explicit image on Wikipedia, are its founders criminally liable for distribution of pornography? The theory of the Indictment would suggest the answer in each of these cases is "yes." The Indictment alleges nothing more against Mr. Bill than that he "began creating" the Market in 2020 and it thereafter "became operational." Indictment (Doc. #12) ¶¶ 2–3.  But creating an online marketplace is not a crime, and the Indictment does not allege that Mr. Bill had any direct knowledge or involvement in any specific illegal activity that allegedly took place on the Market. Without facts connecting Mr. Bill to any specific illegal activity on the Market, the Indictment improperly attempts to criminalize the mere creation of an online marketplace, which is insufficient for criminal liability for conspiracy or aiding and abetting to attach.

The Indictment also attempts to criminalizes an alleged "conspiracy" to facilitate various financial transactions involving cryptocurrencies. But trading in cryptocurrencies is not a crime. Because of the anonymous nature of cryptocurrency transactions, the transactions themselves do not disclose their owners, point of origin, or purpose. Nor does the anonymous nature of cryptocurrency transactions mean that they cover up illegal transactions. Indeed, the very Government that is attempting to prosecute Mr. Bill for participating (in some unspecified way) in facilitating cryptocurrency transactions has approved, through the Securities and Exchange Commission, the creation of a total of 11 exchange-traded funds (ETFs) that invest directly in Bitcoin. Will those funds be named as defendants in the Government's next indictment?

## II. A Moderator of an Online Forum Is Not Vicariously Liable for the Criminal Acts of Others Who Use the Forum

The same principles of aiding and abetting and conspiracy discussed above likewise apply with respect to the Forums. Even if merely posting information related to illegal activities constituted a crime (and the Government has not identified any statute criminalizing such statements), Mr. Bill could only be criminally liable for such acts if he both knew of their criminal purpose and sought by his actions to bring about their accomplishment. *See, e.g.*, *Taylor,* 813 F.3d at 1147–48. As related to the Forums, the Indictment suffers from the same issues as described above. But even worse, the Indictment doesn't even go as far to explain or describe Mr. Bill's alleged involvement in or with these Forums. The Indictment does nothing more than explain how the Government believes the Forums operate in general. *See* Indictment (Doc. #12) ¶¶ 4–6. The Indictment alleges only that these Forums exist, that they are allegedly related to the Market, and that they have "moderators." *Id.* This is plainly insufficient. *United States v. Steffen,* 687 F.3d 1104, 1113 (8th Cir. 2012) (upholding the dismissal of an indictment where the allegations, even

if true, did not constitute a crime, holding that an indictment must provide the defendant with notice of the nature of the accusations with reasonable certainty).

But there is an additional obstacle to the Government's attempted prosecution of Mr. Bill's alleged moderation of the Forums, and that is that any such moderation is protected by the First Amendment activity. Content-based restrictions on the freedom of speech are presumed to be unconstitutional, and it is the Government that bears the burden of establishing that the restriction falls within some limited exception. *United States v. Alvarez,* 567 U.S. 709, 729–30 (2012) (holding that the Stolen Valor Act unconstitutionally infringed on defendant's First Amendment right to freedom of speech). It seems that the Government's only complaint about the Forums is that they "discuss illegal activities and ways to avoid law enforcement." Indictment (Doc. #12) at ¶ 4. But it would be unconstitutional for the Government to criminalize the mere discussion of illegal activities or avoidance of law enforcement. *Brandenburg v. Ohio*, 395 U.S. 444 (1969) (holding that the Ohio Criminal Syndicalism Statute violated the First Amendment because it criminalized "mere advocacy and . . . assembly with others merely to advocate" for criminal activity); *see also, United States v. Buttorff,* 527 F.2d 619, 624 (8th Cir) (acknowledging that the First Amendment does protect speech that "merely advocates" for a violation of the law). To escape the limits of the First Amendment, the Government would have to show that Mr. Bill and users of the Forum actually conspired to commit a particular crime, not merely that they discussed criminal activity.

The Government's attempted prosecution of Mr. Bill based on his alleged operation of the Forums also runs afoul of another precious right enumerated in the First Amendment—the right to freely assemble. The right to assemble "lie[s] at the foundation of a government based upon the consent of an informed citizenry." *Bates v. City of Little Rock*, 361 U.S. 516, 522–23 (1960).

6

Gathering in an online forum is not a crime, and discussing taboo topics does not make that gathering illegal. Not only has the Indictment failed to allege any connection between Mr. Bill and these Forums, but the Government's attempted prosecution of any alleged participation in these Forums is also a violation of both the freedom of speech and freedom of assembly guaranteed by the First Amendment.

## CONCLUSION

The Indictment has failed to plead sufficient facts to implicate Mr. Bill in any crime. While alleging that Mr. Bill aided and abetted numerous federal offenses, the Indictment does not present one fact indicating that Mr. Bill was even aware of those specific offenses. The Government's attempt to criminalize the creation of a marketplace for transactions in cryptocurrency and the mere discussion of criminal activity runs far beyond the limits of both the statute and the First Amendment. Mr. Bill therefore respectfully requests that the Court dismiss the indictment with prejudice.

Dated: October 3, 2024

Respectfully Submitted,

BRYAN CAVE LEIGHTON
PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
HANNAH WISSLER DEMAND, #74911MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
richard.finneran@bryancave.com
hannah.demand@bryancave.com

*Attorneys for Alan Bill*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 3rd day of October, 2024, a true and correct copy of the foregoing document was served on counsel for Defendants via electronic mail.

                                    Respectfully submitted,

                                    */s/ Richard E. Finneran*
                                    Richard E. Finneran