UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CR-714 CMS |
| ) | |
| ALAN BILL, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

On September 3, 2025, this Court granted the Government's motion to continue the trial date of September 29, 2025, [ECF No. 261], and directed both parties to "file a joint memorandum with the Court of mutually agreed upon proposed trial dates by September 9, 2025." [ECF No. 263]. Having reviewed the parties' Joint Memorandum of Mutually Agreed Upon Proposed Trial Dates, [ECF. No. 264], the Court sets Defendant's trial for the first date mutually agreed upon and proposed by the parties: Monday, March 30, 2026.

**IT IS HEREBY ORDERED** that Defendant's trial is set for Monday, March 30, 2026.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), the time granted to the Government, or a waiver thereof, is excluded

from computation of the time for a speedy trial. According to 18 U.S.C. § 3161(h)(7):

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this
> paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
[…]
18 U.S.C. § 3161(h)(7).

First, retaining the previously scheduled trial date of September 30, 2025, in this complex case is practically "impossible." Pursuant to Defendant's requests,

this Court has appointed a Slovak translator to translate the proceedings for Defendant, including the trial proceedings. This Court has been informed that the court-appointed translator will be unavailable until after the Thanksgiving holiday on November 27, 2025. At the September 3, 2025, attorney-only telephone conference, Defendant's counsel, Richard Finneran, joined in the Government's request to remove the case from the September 30, 2025, trial docket and repeated Defendant's request for the services of the court-appointed interpreter at trial.

Additionally, Defense counsel, Mr. Finneran, "expects to be on parental leave from mid-December 2025 through early March 2026 and therefore could not participate in a trial scheduled during that time." [ECF No. 264]. Defendant specifically has requested the earliest proposed trial setting, March 30, 2026, while explicitly acknowledging that, if the trial is set after November 15, 2025, "another attorney will take over the lead of [Defendant's] defense in Mr. Finneran's absence", requiring Defendant to find new counsel. [ECF No. 268 at p. 1]. This Court grants Defendant's request for the first available trial date proposed by the parties: March 30, 2026.

This Court also requires time to conduct its own *de novo* review of the Report and Recommendation of the United States Magistrate Judge. [ECF No. 249]. On August 13, 2025, Magistrate Judge Noelle C. Collins issued a thorough, well-researched, and thoughtful 140-page Report and Recommendation. [ECF No.

249]. On August 27, 2025, both parties filed objections to the Magistrate Judge's Report and Recommendation. [ECF Nos. 253; 255]. Defendant sought, and was granted, leave to file "overlength" objections to the Report and Recommendation, in which Defendant objected to "each and every one of the Report's rulings and recommendations denying him the relief he requested in his pretrial motions." [ECF Nos. 254; 255 at 4; 256]. On September 9 and 10, 2025, the parties filed responses to the objections. [ECF Nos. 265; 266]. Considering the unusual length and complexity of the Report and Recommendation, and that every recommendation in the Report and Recommendation is challenged by at least one party, this Court finds it "impossible" to conduct the necessary review and rule on every objection to the Report and Recommendation before the previously scheduled trial date of September 30, 2025.

Those same reasons also weigh in favor of continuing to consider this an unusual and complex case. Magistrate Judge Collins previously found this to be an unusual and complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) due to multiple factors, including the nature of the prosecution and the nature and volume of discovery. [ECF No. 85].

The litigation surrounding the issues addressed in the Report and Recommendation underscores that point. Even before the Report and Recommendation was issued, both parties had sought, and were granted, leave to

4

file over-length briefs addressing the suppression issues, the complications of an international criminal investigation, and the large amounts of discovery. [ECF No. 212; 219]. Given the nature of the prosecution and the existence of novel questions of fact and law, this Court finds that this continues to be an unusual and complex case under 18 U.S.C. § 3161(h)(7)(B)(ii), such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the statutory time limits.

In any event, the Court, taking into account the exercise of due diligence, weighs the ends of justice served by continuing the trial to March 30, 2026, against the best interests of the public and Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). Pursuant to that weighing analysis, the Court finds the ends of justice served by continuing the trial to March 30, 2026, outweigh the best interests of the public and Defendant in a speedy trial.

**IT IS FINALLY ORDERED** that the two other issues raised in the Government's SEALED MOTION [ECF No. 261] remain pending and will be addressed in a separate order or orders as necessary.

Dated this <u>30th </u>day of September, 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE