UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CR-714 CMS ) |
| ALAN BILL, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant Alan Bill's Motion to Advance the Trial Date, (Doc. 291). Defendant asks the Court to "advance" the current trial date of March 30, 2026, to "late February 2026." (Doc. 291 at 1). The United States Attorney opposes the Motion due to the pendency of other motions and because "it already notified potential witnesses of the current trial date." (Doc. 291 at 2). Defendant's Motion will be DENIED.

On August 29, 2025, the Government moved to continue the September 29, 2025, trial date. (Docs. 258, 261). At a September 3, 2025, attorney-only telephone conference, Defendant's counsel, Richard Finneran, joined in the Government's request to remove the case from the September 29, 2025, trial docket and repeated Defendant's request for the services of a court-appointed interpreter at trial. Pursuant to Defendant's requests, the Court has appointed a Slovak translator to

1

translate the proceedings for Defendant, including the trial proceedings. The Court previously was informed that the court-appointed translator was unavailable until after the November 27, 2025, Thanksgiving holiday.

On September 3, 2025, this Court granted the Government's motion to continue the trial date of September 29, 2025, and directed both parties to "file a joint memorandum with the Court of mutually agreed upon proposed trial dates by September 9, 2025." (Doc. 263). At the September 3, 2025, telephone conference, and in the Joint Memorandum of Mutually Agreed Upon Proposed Trial Dates filed on September 9, 2025, (Doc. 264), defense counsel expressed his opposition to a trial date after early November 2025. Additionally, Defense counsel, Mr. Finneran, expressed that he "expect[ed] to be on parental leave from mid-December 2025 through early March 2026 and therefore could not participate in a trial scheduled during that time." (Doc. 264). Defendant nonetheless alternatively requested the earliest proposed trial setting, (Doc. 268 at 1), or a trial date of January 12, 2026, (Doc. 276 at 2). After reviewing the parties' Joint Memorandum, (Doc. 264), and other pleadings, the Court set the trial for the first date mutually agreed upon and proposed by the parties: Monday, March 30, 2026. (Doc. 278).

In the instant Motion, filed on November 10, 2026, Defendant notes the entry of co-counsel on his behalf and no longer requests a November 2025 or January 12, 2026, trial date. Defendant instead requests a trial date of February 17

2

or 23, 2026, several weeks earlier than the previously agreed upon and proposed trial date of March 30, 2026.

**IT IS HEREBY ORDERED** that Defendant's Motion to Advance the Trial Date (Doc. 291), is DENIED.

**IT IS FURTHER ORDERED** that the trial remains set for Monday, March 30, 2026.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. § 3161(h)(7), the maintenance of this trial date is excluded from computation of the time for a speedy trial. According to 18 U.S.C. § 3161(h)(7):

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>     ….
>
>     (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable

3

>
> to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> ….
>
> (iv) Whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Magistrate Judge Noelle C. Collins previously found this to be an unusual and complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) due to multiple factors, including the nature of the prosecution and the nature and volume of discovery. (Doc. 85). Throughout the litigation of this case, the parties have sought, and have been granted, leave to file over-length briefs addressing the suppression issues, the complications of an international criminal investigation, and the large amounts of discovery. (Docs. 212; 219). Given the nature of the prosecution and the existence of novel questions of fact and law, this Court finds that this continues to be an unusual and complex case under Section 3161(h)(7)(B)(ii), such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the statutory time limits.

This Court further finds, pursuant to Section 3161(h)(7)(B)(iv), that advancing the trial date of March 30, 2026, would deny counsel for Defendant and the United States Attorney the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, particularly considering that

4

March 30, 2026, was the first trial date mutually agreed upon and proposed by the parties.

In any event, the Court, taking into account the exercise of due diligence, weighs the ends of justice served by maintaining the trial date of March 30, 2026, against the best interests of the public and Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). Pursuant to that weighing analysis, the Court finds the ends of justice served by maintaining the March 30, 2026, trial date outweigh the best interests of the public and Defendant in a speedy trial.

Dated this 10th day of December, 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE